# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

JAMES DARRELL BEARD,         )
                                     )

    Plaintiff,               )
                                     )

v.                               )         NO. 1:22-cv-00019
                                     )

HICKMAN COUNTY GOVERNMENT,    )        JUDGE CAMPBELL
                                   )        MAGISTRATE JUDGE HOLMES

    Defendant.              )

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's motion for judgment on the pleadings (Doc. No. 11), brought under Federal Rule of Civil 12(c), which is fully briefed. (Doc. Nos. 15, 16). For the reasons discussed below, Defendant's motion is **DENIED**.

The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014). The Court construes the complaint in the light most favorable to the plaintiff, accepts its factual allegations as true, and determines "whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle [him to] relief." *Id.* (internal quotation marks and citations omitted). "Judgment on the pleadings is proper 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Anders v. Cuevas*, 984 F.3d 1166, 1174 (6th Cir. 2021) (internal quotation marks and citations omitted).

In the present case, Plaintiff James Darrell Beard brings claims against Defendant Hickman County Government for alleged violations of the FMLA, ADA/ADAAA, Tennessee Disability Act, and the ADEA. Through its pending motion, Hickman County argues Beard's federal law claims must be dismissed because the Complaint fails to state a prima facie case. It also argues

Beard's state law disability discrimination claim (Count 3) fails because the Complaint acknowledges that he could not perform his job at the time of his termination.

Hickman County asks the Court to construe the factual allegations in a manner that favors its argument, not in favor of Beard as required under the standard of review. *See Hayward*, 759 F.3d at 608. The Court declines to do so. Here, Beard has alleged facts from which the Court can infer that Hickman County violated the FMLA, ADA/ADAAA, TDA, and ADEA. Furthermore, the "prima facie case under *McDonnell-Douglas* ... is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002); *see also id*. at 511 ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."). Rather, Plaintiffs need only allege facts that "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "[D]etailed factual allegations" are not necessary; a plaintiff need only "allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that an employer violated the respective statutes. *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678, 679). Finally, the fact that Beard pleaded an alternative claim under the TDA is not a basis for dismissal because plaintiffs may plead in the alternative, regardless of consistency, Fed. R. Civ. P. 8(d) (2), (3). *See also Miranda v. Xavier Univ.*, 594 F. Supp. 3d 961, 974-75 (S.D. Ohio 2022) (Federal Rules of Civil Procedure allow for alternative pleading).

Accordingly, for the foregoing reasons, Hickman County's motion for judgment on the pleadings (Doc. No. 11) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE