IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | | |
|---|---|---|---|
| JAMES DARRELL BEARD, | ) | | |
| | ) | | |
| Plaintiff, | ) | Case No. 1:22-cv-00019 | |
| | ) | | |
| v. | ) | | |
| | ) | Judge Campbell | |
| HICKMAN COUNTY GOVERNMENT, | ) | Magistrate Judge Holmes | |
| | ) | | |
| | ) | JURY DEMAND | |
| Defendant. | ) | | |

## MOTION FOR AWARD OF ATTORNEYS' FEES AND MEMORANDUM IN SUPPORT OF MOTION

In accordance with Local Rule 54.01 and Federal Rule of Civil Procedure 54(d)(2), Plaintiff Beard moves the Court for an order awarding him a total of **$217,447.50**, which includes **$173,557.50** in reasonable attorneys' fees for HMC Civil Rights and **$43,920.00** for Stephen Aymett at Rucker, Rucker, & Aymett, P.C. Plaintiff prevailed on his claims under the Americans with Disabilities Act 42 U.S.C. §§ 12101 *et. seq.* ("ADA") and Family Medical Leave Act ("FMLA") with a jury award of $143,387.00 in backpay, and $250,000 in compensatory damages, front pay or reinstatement is yet to be determined. (ECF 105); Judgment was entered on March 3, 2025. (ECF 107). Mr. Beard requests his counsels' lodestar attorneys' fees under 42 U.S.C. § 1981a.

In support of this motion, Plaintiff submits the following memorandum of law as to the authority of the Court to make the award requested; the declarations of his counsel, Heather Moore Collins (Ex. 1) and Stephen Aymett (Ex. 2) and the declarations of Nashville employment Attorneys Mel Fowler-Green (Ex.3), Doug Janney (Ex. 4), and Bob Boston (Ex. 5); as well as Collins' (Ex. 6) and HMC Civil Rights Law Time Records (Ex. 7) and Aymett Time Records (Ex. 8).

Plaintiff respectfully requests that the Court grant this motion and award the requested attorneys' fees in the amount of **$217,447.50**.

## INTRODUCTION

The parties tried Mr. Beard's claims under Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et. seq.* ("ADA") and Family Medical Leave Act before a jury in this Court from February 23-February 27, 2025. The jury returned a verdict in Mr. Beard's favor and awarded him a total of $393,387 in damages. (ECF 105). The Court entered judgment in Mr. Beard's favor on March 3, 2025. (ECF 107). As the prevailing party, Mr. Beard respectfully requests an award of **$217,447.50** in attorney's fees pursuant to 42 U.S.C. § 1981a and 42 U.S.C. § 12205 and 29 U.S.C. § 2617(a)(3) ("The court in such an action **shall**, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant")(emphasis added).

## ARGUMENT

**1.      Standard of review**

"Congress expressly recognized that a plaintiff who obtains relief in a civil rights lawsuit does so not for himself alone but also as a private attorney general, vindicating a policy that Congress considered of the highest importance." *City of Riverside v. Rivera*, 477 U.S. 561, 575, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986) (internal quotation marks omitted). "[A] civil-rights plaintiff need not succeed on every claim in order to recover attorney's fees. Success on a single claim is sufficient to become a prevailing party." *Green Party of Tenn. v. Hargett*, 767 F.3d 533, 552-53 (6th Cir. 2014). So long as the claims are in common with successful claims, a prevailing party's full fee is recoverable. *EEOC v. Dolgencorp, LLC*, No. 3:14-CV-441-TAV-HBG, 2017 U.S. Dist. LEXIS 163739, 2017 WL 9517513, at *9 (E.D. Tenn. Aug. 7, 2017), *report and*

*recommendation adopted sub nom. EEOC v. Dolgencorp, LLC*, 277 F. Supp. 3d 932 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018). Mr. Beard simply requests his counsels' lodestar fees in this case.

42 U.S.C. § 12205 provides that "the court… in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses and costs. . . .". However, the FMLA dictates that fees "shall" be awarded. 29 U.S.C. § 2617(a)(3). To determine the reasonable amount of attorneys' fees to be awarded, the Court first determines the "lodestar," which is "the proven number of hours reasonably expended on the case by the attorney, multiplied by a reasonably hourly rate." *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005). "The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence.'" *Perdue v. Kenny A.*, 559 U.S. 542, 550, 130 S. Ct. 1662, 1672 (2010) (applying lodestar to Title VII cases, which also applies 42 U.S.C. § 1981a).

There is no precise measure upon which a fee determination is made and it is largely within the discretion of the trial court. *Wallace v. Oakwood Healthcare, Inc.*, 954 F.3d 879, 899 (6th Cir. 2020) (internal citations omitted) ("Courts look to the 'prevailing market rate in the relevant community'—or 'that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record'—to determine a reasonable hourly billing rate.) *B&G Min., Inc. v. Dir., Off. of Workers' Comp. Programs*, 522 F.3d 657, 664 (6th Cir. 2008) (other fee awards can provide some inferential evidence of what a market rate is, "[a]s a general proposition, rates awarded in other cases do not set the prevailing market rate."). *See Blankenship v. Metro. Gov't of Nashville,* 2023 U.S. Dist. LEXIS 163262 *1-2 (M.D. Tenn. Sept. 14, 2023) (approving market rate of $550 in an ADA case and denying defense request to lower the rate to $450 based on one of the undersigned's prior awards from 2022 in *Lowe v. Calsonic*, 3:18-cv-

0027 (M.D. Tenn. 2022)); *McGruder v. Metro Gov't of Nashville*, 2022 U.S. Dist. LEXIS 133374 *4 (M.D. Tenn. July 27, 2022) ("The court, based on its experience in this district and its familiarity with prevailing practices, as well as having considered and ruled on numerous other attorney's fees motions, agrees that $500 is within the realm of what is ordinary and reasonable for experienced [employment] litigation counsel"). Further, the Sixth Circuit has stated that the reasonableness of counsel's hours and rate is generally determined by considering twelve factors:

> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

*Isabel,* 404 F.3d at 415-16. The Supreme Court and the Sixth Circuit have cautioned, however, that "'many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Geier v. Sundquist*, 372 F.3d 784, 792 (6th Cir. 2004) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 n. 9 (1983)); *Perdue*, 130 S. Ct. at 1672. "[M]odifications [to the lodestar] are proper only in certain 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts *Adcock-Ladd v. Sec'y of Treasury,* 227 F.3d 343, 350 (6th Cir. 2000) (quoting *Delaware Valley*, 478 U.S. at 565)

## 2. Plaintiff's counsel's reasonable hourly rates

A reasonable hourly rate is the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record in 2025. *Geier*, 372 F.3d at 791. The Court has discretion in determining what constitutes a reasonable hourly rate. *Fuhr v. Sch. Dist. of City of Hazel Park*, 364 F.3d 753, 762 (6th Cir. 2004). Because of the time delay in

4

payment in cases like this one, the Court should apply counsel's current hourly rate as opposed to her rate at the time that the case was filed. *Perdue*, 130 S. Ct. at 1675 ("Compensation for this delay is generally made 'either by basing the award on current rates or by adjusting the fee based on historical rates to reflect its present value.'") (quoting *Missouri v. Jenkins*, 491 U.S. 274, 282 (1989)); *Barnes v. City of Cincinnati*, 401 F.3d 729, 745 (6th Cir. 2005) (district court did not abuse its discretion in using "current" market rate in determining plaintiff's counsel's reasonable hourly rate to be applied in lodestar) (citing *Jenkins*, 491 U.S. at 284).

"The prevailing market rate is 'that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record.'" *Waldo v. Consumers Energy Co.,* 726 F.3d 802, U.S. App. LEXIS 16555 *37 (citing *Adcock-Ladd,* 227 F.3d at 350. A district court is permitted to "rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Van Horn v. Nationwide Prop. & Cas. Ins. Co.,* 436 F. App'x 496, 499 (6th Cir. 2011); *see Dowling v. Litton Loan Servicing LP,* 320 F. App'x 442, 447 (6th Cir. 2009) (affirming a district court's calculation of a reasonable hourly rate based on the court's "knowledge of local billing practices" and counsel's customary billing rates).

Small firms, like Mr. Beard's counsel, taking on the risks associated with difficult civil rights cases like this one without any compensation throughout the entire course of the litigation should be compensated for their work when they do prevail. *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360-61 (6th Cir. 2005) ("many 'lawyers would be unable to work on Plaintiff's case for a lengthy period of time without interim payments and many would be unwilling to undertake the risk involved.'") (citation omitted). Indeed, "Congress enacted § 1988 specifically because it found that the private market for legal services failed to provide many victims of civil rights

5

Case 1:22-cv-00019   Document 112   Filed 04/02/25   Page 5 of 12 PageID #: 1249

violations with effective access to the judicial process. . . . In order to ensure that lawyers would be willing to represent persons with legitimate civil rights grievances, Congress determined that it would be necessary to compensate lawyers for all time reasonably expended on a case." *City of Riverside v. Rivera,* 477 U.S. 561, 576, 578, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986) (plurality op.).

Mr. Beard requests $660.00 per hour for the work performed by his attorney Heather Collins and $400.00 per hour for second chair, Mr. Aymett. Ms. Collins served as lead trial counsel and has focused her practice on employment litigation in Nashville continuously since November 2009 and has worked on behalf of plaintiffs in employment cases since 2002. (Collins Decl. ¶¶1-2, 4-5, 8, 12). Mr. Aymett served as second chair and has been practicing employment law since 2019. (Aymett Decl. ¶3). Ms. Collins' requested hourly rate is supported by her declaration and those of Mel Fowler-Green, Doug Janney, and Bob Boston each Nashville attorneys specializing in employment and civil litigation. (Collins Decl. ¶¶6-10; Fowler-Green Decl. ¶¶4-11; Janney Decl. ¶¶2-7; Boston Decl. ¶¶2-7). They each assert that the requested rate is reasonable in the Nashville market considering Collins' skill and experience and in the circumstances of this case. (Collins Decl. ¶¶8-12; Fowler-Green Decl. ¶¶12-15; Janney Decl. ¶¶6-8; Boston Decl. ¶¶2-3, 5-7). Mr. Aymett's requested rate is supported by his declaration. (Aymett Decl. ¶¶3-11).

The evidence shows that the hourly rates requested for Mr. Beard's counsel are reasonable in light of the rates that attorneys of comparable skill and experience reasonably expect to command within the Nashville area. Accordingly, the Court should approve the requested rates of $660.00 per hour for Ms. Collins and $400.00 for Mr. Aymett.

3. **Number of hours reasonably expended**

Once the Court has approved or determined the appropriate hourly rates, it should determine the number of hours reasonably expended on the case. The applicant for attorneys' fees has the burden of demonstrating the reasonableness of the hours claimed and the opposing party has the burden of producing evidence of unreasonableness. *Hensley v. Eckerhart*, 461 U.S. 424, 437 n. 12 (1983). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id.* at 433. "[C]ounsel 'is not required to record in great detail how each minute of time is expended. But at least counsel should identify the general subject matter of his time expenditures.'" *McCombs*, 395 F.3d at 360 (quoting *Hensley*, 461 U.S. at 437 n. 12).

Mr. Beard's counsel's declaration and attached time records show that Ms. Collins spent 233.5 hours as lead trial counsel, and the firm's Associates and support staff spent 115.5 hours working on this case. (Collins Decl. ¶16-18). Mr. Aymett spent 109.8 hours as second chair at trial. (Aymett Decl. ¶11-12). A review of these items and the declarations of Fowler-Green, Janney and Boston demonstrates that the hours expended are reasonable and were necessarily incurred in representing Mr. Beard in a competent manner. (Collins Decl. ¶15; Aymett Decl. ¶11; Fowler-Green Decl. ¶8-9; Janney Decl. ¶7; Boston Decl. ¶¶6- 7). The number of hours expended as set forth in the declarations and time records is reasonable considering the facts, claims and defenses asserted. (Collins Decl. ¶¶10-12; Aymett Decl. ¶10). The parties engaged in extensive discovery and filed and responded to a motion for summary judgment. Further, the Parties then spent considerable time working on pretrial submissions and preparing for trial. As shown in their declarations and time records, Mr. Beard's counsel worked almost continuously, day and night, throughout the trial. Accordingly, Mr. Beard respectfully requests an award of **$217,447.50** in attorneys' fees, which is the lodestar calculation of 233.5 hours at $660.00 per hour for Ms. Collins,

115.5 hours for Associate time and legal assistant/paralegal time and 109.8 Hours for Mr. Aymett at $400.00 per hour. (Collins Decl. ¶¶16-18; Aymett Decl. ¶12). [1]

4. **Adjustment of the lodestar**

Once the lodestar amount is determined, the Court should decide whether an upward or downward adjustment is appropriate. *Jordan v. City of Cleveland*, 464 F.3d 584, 604 (6th Cir. 2006). There is a "strong presumption" that the prevailing party is entitled to its full lodestar fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349-50 (6th Cir. 2000). Accordingly, any downward adjustment would be inappropriate in this case.

A. **Plaintiff achieved excellent results**

"'The most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Isabel*, 404 F.3d at 416 (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). "Where a plaintiff has obtained excellent results, his attorney should recover a full compensatory fee; if a plaintiff obtains 'limited success, the district court should award only that amount of fees that is reasonable in relation to the success obtained.'" *Id.* (quoting *Hensley*, 461 U.S. at 435).

The Court should find that Mr. Beard achieved excellent results in light of the facts and circumstances of this case. Defendant cannot credibly assert that he did not. At the four-day trial, Mr. Beard examined nine (9) witnesses. Mr. Beard prevailed on his claims at trial against

---

[1] Plaintiff's attorneys' fees are continuing to accrue. He is entitled to the fees incurred in preparing this motion and litigating the issue of his entitlement to attorneys' fees. *Coulter v. State of Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986). Additionally, Plaintiff is further entitled to post-judgment interest on any attorneys' fees awarded, which begins to run on the date of entry of any judgment that "unconditionally entitles the prevailing party to reasonable attorney's fees." *Associated General Contractors of Ohio v. Drabik*, 250 F.3d 482, 495 (6th Cir. 2001) (attorneys' fees will bear interest from the date of a judgment for such fees, even if the fees are not quantified until a later date); *Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 589-91 (6th Cir. 2002) (post-judgment interest statute requires payment of interest on an award of attorneys' fees, just as with any other award of damages).

8

Defendant and obtained substantial damages. Accordingly, the result achieved was excellent. (*See* Fowler-Green Decl. ¶8, 10; Janney Decl. ¶7). *See Waldo v. Consumers Energy Co.,* U.S. App. LEXIS 16555 *45 (plaintiff succeeded on "a significant and central issue in the litigation" in "remedying a civil rights violation" and "serv[ed] as a private attorney general, vindicating a policy that Congress considered of the highest priority." (citing *Fox v. Vice,* 131 S. Ct. 2205, 2213, 180 L. Ed. 2d 45 (2011)).

      **B.**      **Plaintiff's attorneys' fees should not be reduced**

Defendant may argue that Mr. Beard's attorney's fees should be reduced because he was not successful on his ADEA claim that was dismissed on JMOL. This is not a basis for reducing the fee award because this claim was only a small part of what was primarily an ADA and FMLA case, both of which were successful. Thus, such a reduction is not warranted because a reduction in attorneys' fees should be "applied only in rare and exceptional cases where specific evidence in the record requires it." *Isabel*, 404 F.3d at 416.

The Supreme Court and the Sixth Circuit have repeatedly recognized that "'[w]hen claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced.'" *Jordan*, 464 F.3d at 604 (quoting *Thurman v. Yellow Freight Sys.*, 90 F.3d 1160, 1169 (6th Cir. 1996)); *Hensley*, 461 U.S. at 435 ("the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing the fee. *The result is what matters*.") (emphasis added); *Déjà Vu of Nashville, Inc. v. Metropolitan Govt. of Nashville and Davidson County, Tennessee*, 421 F.3d 417, 423 (6th Cir. 2005) ("we have

repeatedly rejected mechanical reductions in fees based on the number of issues on which a plaintiff has prevailed"). As the Sixth Circuit explained in *Jordan*:

> [L]itigation is not an "exact science." Lawyers cannot preordain which claims will carry the day and which will be treated less favorably. Good lawyering and ethical compliance often requires lawyers to plead in the alternative. Fee awards comport with that reality by *giving full credit to a meaningfully successful plaintiff*, rather than making a mechanical per-losing-claim deduction from an attorney's fee award. Moreover, awarding fees for services connected with related claims, though the claims prove unsuccessful, "supports the underlying purpose of . . . encouraging attorneys to take on civil rights actions in view of the ethical duty of zealous representation."

*Jordan*, 464 F.3d at 604 and n. 25 (emphasis added) (citation omitted).

Here the claims pled in the complaint and handled in the litigation revolved around the same core of common facts – *i.e.*, discrimination and termination of Mr. Beard because of his disability and medical leave. Thus, the only claim the jury did not award damages for, his ADEA claims, were interrelated and based on the same set of facts. *See Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821-822 (6th Cir. 2016) (upholding district court's refusal to reduce the fee award because plaintiff succeeded on only one of her claims was permissible). The work performed with regards to the ADEA claim cannot reasonably be divorced from the work performed on the others in this case. *Barnes*, 401 F.3d at 745 ("successful and unsuccessful claims are deemed related when they 'involve a common core of facts' [or] are 'based on related legal theories' or when counsel's time is devoted generally to the litigation as a whole, making it difficult to divide the hours expended.'") (quoting *Hensley*, 461 U.S. at 433). Indeed, the depositions that Mr. Beard took were each necessary to prepare for the trial of his claims related to his discriminatory discharge. To be sure, the majority of the work for which fees are sought involved preparing for the trial of and trying the ADA and FMLA claims upon which Mr. Beard prevailed. Given the result and the work

10

that Mr. Beard's counsel performed to achieve it, his counsels' time should not be reduced. *McCombs*, 461 F.3d at 361 ("even though McCombs did not prevail on her retaliation claims, 'there is no basis to make the fee proportionate to the successful claim because the quantum of work would be approximately the same.'"); *Isabel*, 404 F.3d at 416 ("This Court has stated that a reduction in attorney fees is to be applied only in rare and exceptional cases where specific evidence in the record requires it. . . . This is not one of those rare and exceptional cases in which a reduced award is justified.").

## CONCLUSION

For these reasons, Mr. Beard respectfully requests that the Court grant his motion for an award of attorneys' fees and award him **$217,447.50** in reasonable attorney's fees.

Respectfully submitted,

*/s/ Heather Moore Collins*
Heather Moore Collins (# 026099)
HMC Civil Rights Law, PLLC
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com

*/s/ J. Stephen Aymett, Jr.*
J. STEPHEN AYMETT, JR. #34132
RUCKER, RUCKER & AYMETT, P.C.
14 Public Square, North
Murfreesboro, TN 37130
(615) 893-1134 tel
(615) 895-6334 fax
saymett@ruckerlaw.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

       I HEREBY certify that a copy of the foregoing has been served this April 2, 2025 through the court's CM/ECF system to:

Michael T. Schmitt
T. William A. Caldwell
ORTALE KELLEY LAW FIRM
330 Commerce Street, Suite 110
Nashville, TN 37201
(615) 780-7526 (direct)
mcschmitt@ortalekelley.com
wcaldwell@ortalekelley.com

*Attorneys for Defendant*

                                             */s/ Heather Moore Collins*
                                             Heather Moore Collins